Douglas J. Campion (State Bar No. 75381)
Doug@DJCampion.com
**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Kira M. Rubel (State Bar No. 253970)
krubel@kmrlawfirm.com
**Law Offices of Kira M. Rubel**
325 South Sierra Avenue, Suite 44
Solana Beach, CA 92075
Telephone: (800) 836-6531

Attorneys for Plaintiff Ashlee Whitaker

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEE WHITAKER, on behalf of herself and all others similarly situated,**<br><br>　　　**Plaintiff,**<br><br>vs.<br><br>**BENNETT LAW, PLLC, a Professional Limited Liability Company, dba BENNETT LAW,**<br><br>　　　**Defendant.** | CASE NO. **'13CV3145 L    NLS**<br><br>**CLASS ACTION**<br><br>**Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227** *et seq.*<br><br>**Jury Trial Demanded** |

1

### INTRODUCTION

1.     Ashlee Whitaker ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Bennett Law PLLC, a Professional Limited Liability Company, dba Bennett Law, ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (collectively "Defendant"), in negligently, and/or willfully, contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### JURISDICTION AND VENUE

2.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

3.     Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this district are sufficient to subject them to personal jurisdiction.   On information and belief, Defendant has made the same calls complained of by Plaintiff within this judicial district, such that some of Defendant's acts in making such collection calls have occurred within this district.

2

**Class Action Complaint for Damages**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PARTIES**

4.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Texas who resides in Nacogdoches, Texas.

5.     Plaintiff is informed and believed, and thereon alleges, that Defendant is a debt collector, and is, and at all times mentioned herein was, a Utah Professional Limited Liability Company whose primary corporate offices are located at Suite 200, 10542 South Jordan Gateway, South Jordan, Utah 84095  making the Defendant a citizen of Utah for diversity purposes.  The managing member of Bennett Law is Michael Ben Bennett. Based upon information and belief Mr. Bennett is a resident of Utah. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district. Defendant attempts to collect debts by, among other means, making calls to cellular phones.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227**

6.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."   Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

3

solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

9.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and/or prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## FACTUAL ALLEGATIONS

10.    At all times relevant, Plaintiff was a citizen of the State of Texas.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

11.    Defendant is, and at all times mentioned herein was, an entity that meets the definition of "person," as defined by 47 U.S.C. § 153 (32).

12.    At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

13.    Beginning no later than September of 2012 and continuing through approximately February of 2013, Defendant called Plaintiff on her cellular telephone number, ending in "4100", in an attempt to collect a debt.  The automated message indicated that the message was not for Plaintiff, but some other person.  Regardless, Plaintiff received multiple calls a day from Defendant, who was trying to reach someone other than Plaintiff.

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

4

14.    Fearing these and other debt collection calls would continue, in or about June 2013, Plaintiff changed her cellular telephone number.    Since she switched her number, she has received no further calls from Defendant.

15.    Plaintiff did not provide any entity, including Defendant, with her cellular phone number.    Plaintiff did not give Defendant prior express consent to call Plaintiff on her cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

16.    On information and belief, Defendant may have obtained Plaintiff's cellular telephone number from a third party, or by "trapping" such number, i.e., making a record of her cell phone number using caller identification technology, but did not receive that number from Plaintiff.

17.    Notwithstanding the fact Plaintiff did not provide Defendant her cellular number at any time, Defendant, or its agents, have called Plaintiff on her cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

18.    Such calls were also made by prerecorded voice messages and were made from fall of 2012 to approximately June, 2013, all in violation of the TCPA.

19.    The telephone number Defendants and/or their agents called is assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

20.    These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

21.    These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1).

**Class Action Complaint for Damages**

22.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

### Class Action Allegations

23.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

24.     Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call from Defendant or their agents to said person's cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed, within the four years prior to the filing of the Complaint in this action.

25.     Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

26.     Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

27.     Plaintiff and members of the Class were harmed by the acts of Defendant in, but not limited to, the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and/or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; by having to retrieve or administer messages left by Defendant during those illegal calls; and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

28.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery

for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29.     The joinder of the Class members is impracticable and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified through Defendant's records or Defendant's agents' records.

30.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

A.      Whether, within the four years prior to the filing of this Complaint, Defendant and/or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

B.      Whether Defendant can meet its burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

C.      Whether Defendant's conduct was knowing and/or willful;

D.      Whether Defendant is liable for damages, and the extent of statutory damages for such violation; and

E.      Whether Defendant should be enjoined from engaging in such conduct in the future.

31.     As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and

7

1  adequately represent and protect the interests of the Class in that Plaintiff has no
2  interests antagonistic to any member of the Class.

3  32.    Plaintiff and the members of the Class have all suffered irreparable harm as a
4  result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the
5  Class will continue to face the potential for irreparable harm.  In addition, these
6  violations of law would be allowed to proceed without remedy and Defendant would
7  undoubtedly continue such illegal conduct.  Because of the size of the individual Class
8  members' claims, few Class members could afford to seek legal redress for the
9  wrongs complained of herein.

10  33.    Plaintiff has retained counsel experienced in handling class action claims and
11  claims involving violations of the Telephone Consumer Protection Act.

12  34.    A class action is a superior method for the fair and efficient adjudication of this
13  controversy.  Class-wide damages are essential to induce Defendant to comply with
14  federal and California law.  The interest of Class members in individually controlling
15  the prosecution of separate claims against Defendant is small because the maximum
16  statutory damages in an individual action for a violation of the statute is minimal.
17  Management of these claims is likely to present significantly fewer difficulties than
18  those presented in many class claims. Defendant has acted on grounds generally
19  applicable to the Class, thereby making appropriate final injunctive relief and
   corresponding declaratory relief with respect to the Class as a whole.

20
21                          **FIRST CAUSE OF ACTION**
22  **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
                        **47 U.S.C. § 227 *ET SEQ.***

23
24  35.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint
25  as though fully stated herein.

26  36.    The foregoing acts and omissions of Defendant constitute numerous and
27  multiple negligent violations of the TCPA, including but not limited to each and every
   one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*
28

                                    8

37.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

38.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

39.     Plaintiff incorporates by reference the above paragraphs 1 through 34, inclusive, of this Complaint as though fully stated herein.

40.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

41.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

43.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**Class Action Complaint for Damages**

1
2

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

3
4
5
6

•      As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

7
8

•      Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

9
10

•      An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

11
12
13
14

•      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

15
16

•      Any other relief the Court may deem just and proper.

17
18

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

19
20
21
22
23

•      As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

24
25

•      Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

26
27

•      An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

28

•      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any

Class Action Complaint for Damages

Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: December 23, 2013   **LAW OFFICES OF DOUGLAS J. CAMPION, APC**

By:  */s/ Douglas J. Campion*
Douglas J. Campion
Doug@DJCampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA  92108
Telephone: (619) 299-2091
Facsimile:  (619) 858-0034

Date: December 23, 2013       **LAW OFFICES OF KIRA M. RUBEL**

By:  */s/ Kira M. Rubel*
Kira M. Rubel
krubel@kmrlawfirm.com
325 South Sierra Avenue, Suite 44
Solana Beach, CA 92075
Telephone: (800) 836-6531

Attorneys for Plaintiff

11