1

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**

2

DOUGLAS J. CAMPION (STATE BAR NO. 75381)

409 Camino Del Rio South, Suite 303

3

San Diego, CA  92108

4

DOUG@DJCAMPION.COM

Telephone: (619) 299-2091

5

Facsimile:  (619) 858-0034

6

**LAW OFFICES OF KIRA M. RUBEL**

7

Kira M. Rubel (State Bar No. 253970)

8

555 West Beech Street, Suite 230

San Diego, CA 92101

9

krubel@kmrlawfirm.com

10

Telephone: (619)-202-7646

11

Attorneys for Plaintiff Ashlee Whitaker

12

13

## UNITED STATES DISTRICT COURT

14

## SOUTHERN DISTRICT OF CALIFORNIA

15

16

**ASHLEE WHITAKER, on behalf of**      )

17

**herself and all others similarly**      )      CASE NO.  13-cv-03145-L-NLS

**situated,**      )      CLASS ACTION

18

      )

19

      **Plaintiff,**      )      **MEMORANDUM OF POINTS &**

      )      **AUTHORITIES IN SUPPORT OF**

20

      )      **MOTION FOR DEFAULT**

**vs.**      )      **JUDGMENT**

21

      )

22

**BENNETT LAW, PLLC, a**      )

**Professional Limited Liability**      )      Date:      July 21, 2014

23

**Company, dba BENNETT LAW,**      )      Time:      *No oral argument*

      )      *pursuant to Local Rule*

24

      )      Judge:      Hon. M. James Lorenz

      **Defendant.**      )

25

_____)

26

27

28

## I.  INTRODUCTION

Plaintiff seeks a default judgment that awards Plaintiff and the putative Class statutory damages of $500 for every call made by Defendant during the Class Period to each Class Member. Because of the default, there has been no discovery taken to date, so that total dollar amount is still to be obtained from subsequent post-judgment discovery.

Plaintiff filed this class action against Defendant alleging repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). [Docket Entry, "DE" 1.] Ms. Whitaker's complaint avers that Defendant called her on her cellular telephone in violation of the TCPA on numerous occasions in an effort to collect a debt. However, Ms. Whitaker neither owed the debt nor gave Defendant permission to call her on her cell phone.

Ms. Whitaker was understandably frustrated by these repeated calls and, finally, not knowing what else to do to stop the phone calls, changed her cellular telephone number in order to end the harassment.  Research into Defendant's business practices revealed that Defendant's TCPA violations against Ms. Whitaker were not an isolated incident and made this lawsuit a suitable one for class treatment.

Despite properly serving Defendant, and subsequent efforts to obtain a response to the complaint, Defendant has never appeared in this action.  Plaintiff obtained Defendant's default, and now has no other alternative but to seek a default judgment.

## II. STATEMENT OF FACTS

### a.  Background of The Telephone Consumer Protection Act

This class action alleges violations of the TCPA.  Specifically, the plain language of this statute prohibits the use of any automated telephone equipment, or "autodialers," to make any call, or to use a prerecorded voice message in a call, to

a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. §227(b)(1)(A)(iii).

Damages for violations of the TCPA are assessed on a *per-call* basis. Each class member may seek statutory damages from Defendant in amounts equal to $500 per negligent violation of the act, and $1,500 for each knowing or willful violation of the act. 47 U.S.C. § 227(c)(5).

Despite the clear language of the statute, Defendant apparently chose not to comply with the TCPA. Plaintiff received numerous such calls, as alleged in her complaint. Plaintiff has a good faith basis to believe that many other persons received identical phones calls in violation of the TCPA. Thus, all calls made by Defendant to Plaintiff and the putative Class Members violated this Federal statute, and each putative Class Member is entitled to an award of statutory damages.

### b. The History of this Action

Plaintiff's class action complaint was filed on December 23, 2013. [DE 1.] The complaint was properly served on the registered agent of Defendant by personal service on Feb 19, 2014. The proof of this service was filed with the Court on April 25, 2014. [DE 3.]

Defendant's responsive pleading deadline of March 12, 2014 came and went. In an effort to obviate the need to seek the Defendant's default, Plaintiff's counsel took steps to contact Defendant. First, counsel attempted to locate Defendant's prior counsel with whom he had previously litigated a case against Bennett Law to inform her of the pending action and to see if she still represented Bennett Law, but she did not. [Declaration of Douglas J. Campion In Support of Motion for Default Judgment ("Campion Decl."), ¶ 2.] Next, Plaintiff's counsel sent a letter to the owner of Defendant Bennett Law, PLLC – Michael Bennett – on April 25, 2014. A true and correct copy of this letter is attached to the Campion Decl., Exhibit 1. This letter informed Mr. Bennett that his company had been

sued, that Defendant's responsive pleading was currently overdue, and granted him an extension until May 12, 2014 to respond or face a default at that time. *Id.*

Plaintiff's counsel received no reply to this letter. [Campion Decl., ¶ 2, 3.] Thus, on May 15, 2014, Plaintiff submitted her request for entry of default. [DE 4.]  On May 16, 2014, the clerk entered Defendant's default. [DE 5.]   Plaintiff now files her Motion for entry of default judgment in accordance with Local Rule 55.1 and Federal Rule of Civil Procedure 55.[1]

## III.  PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT SHOULD BE GRANTED PENDING FURTHER PROOF OF THE AMOUNT OF DAMAGES

Under Rule 55(b)(2), a court may enter default judgment when: (1) the defendant has been served with the complaint and summons and has failed to respond within the time prescribed, (2) default has been entered against the defendant, (3) the defendant is neither a minor nor incompetent, and (4) the defendant is not in the military service.  All of these factors are met here.

In addition to fulfilling Rule 55's requirements, this matter also satisfies all of the factors used by the Ninth Circuit to determine whether a court *should* grant default judgment.  In short, default judgment is appropriate in this matter.

Ms. Whitaker is aware that her motion requests unique relief.  This is a class action seeking statutory damages at a fixed amount for each call to a cell phone by Defendant within the Class Period.  But because of the failure of Defendant to appear in the action, Plaintiff presently has no knowledge of the number of such calls made by Defendant, and consequently, the number of and identification of the putative Class Members.  Because of the default, no discovery has occurred which historically has provided such information to allow the computation of damages.

---

[1] Hereinafter, all reference to "Rule" shall be to the Federal Rules of Civil Procedure, unless otherwise noted.

MEMO OF Ps & As IN SUPPORT OF MX FOR DEFAULT JUDGMENT        Case No. 13cv03145-L-NLS

But because entry of a default judgment is required within a set time period under Local Rule 55.1, Plaintiff presently seeks a default judgment here that *conditionally* orders the statutory damage amount of $500 per call made to cell phones. That judgment is subject to Plaintiff obtaining the specific number of Class Members and calls from Defendant and submitting that to the Court.

When damages are a known amount, as in a breach of contract action, it is simple to compute such damages and present the evidence thereof to the Court. But here those damages cannot be known presently. To resolve this issue, Plaintiff proposes deferring the exact dollar damage calculation, as is permitted under Rule 55(b)(2), until it can be ascertained and presented to this Court. Plaintiff believes this can be accomplished by conducting post-judgment discovery, to learn the number of Class Members and calls made. Once those damages are been determined, the dollar amount can supplement the default judgment.

### A. The Legal Standard for Default Judgment

A default judgment is appropriate where the defendant "has received actual or constructive notice of the filing of the action and failed to answer." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 690 (9th Cir. 1988). Entry of default judgment is completely at the discretion of the trial court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Although default judgment may be entered on the papers alone, if the court believes more information is necessary to ascertain damages, it may call for a hearing on the matter. *Pope v. United States*, 323 U.S. 1, 12 (1944).

In determining whether default judgment is appropriate, Courts utilize the following *Eitel* factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due

to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72.

A review of these factors reveals that default judgment should be granted, pending only a supplemental hearing on the exact amount of the number of Class Members and, thus, the amount of statutory damages.

### 1. *Plaintiff's Prejudice Would be Significant*

Under the first *Eitel* factor, a plaintiff is prejudiced if she would be denied the right to judicial resolution of her claims in the absence of default judgment. *Elektra Entertainment Group Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005). That is certainly the case here, as Ms. Whitaker has no recourse other than judgment by default. Without a default judgment to resolve her claims, Plaintiff would receive no possibility of compensation from Defendant for its TCPA violations.

Plaintiff received numerous harassing automated calls from Bennett Law to collect a debt which she did not owe. These very same phone calls were made to other putative Class Members. A review of the Better Business Bureau's South Jordan, Utah website (where Bennett Law is located) reveals that Bennett Law has 44 complaints for improper collection practices, many of which indicate improper calls to cellular telephone numbers in violation of the TCPA.[2] It would be unfair to reward Defendant's illegal behavior by not enforcing a default judgment against it.

Without entry of a conditional default judgment in this matter, the Class will receive absolutely no relief for Defendant's unlawful acts. Truly, the prejudice would lie wholly with Plaintiff and her class members. Plaintiff and the putative class have no other means to resolve their claims. This element is fulfilled.

---

[2] See http://www.bbb.org/utah/business-reviews/attorneys-and-lawyers/bennett-law-pllc-in-south-jordan-ut-13001018, last visited on June 11, 2014.

MEMO OF Ps & As IN SUPPORT OF MX FOR DEFAULT JUDGMENT                  Case No. 13cv03145-L-NLS

2.   _Plaintiff's Claim is Meritorious and Sufficiently Pled_

The second and third _Eitel_ factors favor a default judgment where the complaint sufficiently states a claim for relief under the liberal pleading standards of Rule 8.  _Danning v. Lavine_, 572 F.2d 1386, 1388-89 (9th Cir. 1978.)  Plaintiff fulfills both of these elements which weigh in favor of a default judgment.

A plaintiff need do nothing further to prove the facts of her case than to appropriately plead the elements of his claim in her complaint.  _Cripps v. Life Ins. Co. of N. Am._, 980 F.2d 1261, 1267 (9th Cir. 1992).  **The factual allegations of the complaint (except as to the amount of damages) are taken as true upon entry of default.**  _TeleVideo Systems, Inc. v. Heidenthal_, 826 F.2d 915, 917-18 (9th Cir. 1987), _citing Geddes,_ 559 F.2d at 560.

Ms. Whitaker's complaint plainly states that Defendant did the very act which the TCPA prohibits: That Defendant called Plaintiff on her cell phone with an autodialer without her express consent (and for non-emergency purposes) to collect a debt. _See_ Complaint at DE 1, ¶¶13-21.  This act is a violation of the TCPA and makes Defendant culpable under the law. 47 U.S.C. §227(b)(1)(A)(iii).

Thus, Plaintiff has pleaded all facts necessary to state a claim under the TCPA, has confirmed those allegations by sworn declaration testimony, and the second and third _Eitel_ prongs are fulfilled.

3.   _The Sum of Money at Stake in this Matter_

In determining the fourth _Eitel_ factor, whether the sum of money at stake is reasonable, the Court must consider the amount of money sought in relation to the seriousness of Defendant's conduct. _See Pepsico, Inc. v. Cal. Sec. Cans_, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).  Here Plaintiff is only seeking the lower amount of statutory damages permitted by the statute: $500 per call.  47 U.S.C. § 227(c)(5).  She is not seeking that amount be trebled, as is possible if it can be proven the calls were made willfully. _Id._ Because that amount is the lower amount

of statutory damages permitted, that amount can only be found to be reasonable. At this moment, Plaintiff cannot provide an exact total damage value for the Court without discovery and factual inquiry.  However, so long as the basis for the statutory damages presented to the Court is reasonable, this element is satisfied.

Large damage awards will not deter a court from approving default judgment when that award is warranted by a Defendant's wrongdoings. *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003); *see also  Commodity Futures Trading Comm'n v. White Pine Trust Corp.*, 2007 WL 1754819 (S.D. Cal. Apr. 20, 2007).

Ms. Whitaker reasonably believes that the Class members number in the thousands, if not more.  She also reasonably believes that each Class Member received several telephone calls.  However, she only seeks the statutory minimum for each violation, rather than the treble damages to which the class members could be entitled. 47 U.S.C. §§ 227(b)(3)(B), (C).

The damage award here could be substantial. However, that fact should not deter the Court from entering a default judgment.  The Court in *Philip Morris* awarded a default judgment of over $2 million dollars because the conduct warranted the judgment. *Philip Morris*, 219 F.R.D. 494 (C.D. Cal. 2003). In that case, defendant never answered the complaint and had committed rampant trademark infringement.  *Id.*, at 499.  The court noted that "by defaulting, Defendant is deemed to have admitted the truth of Plaintiff's averments." *Id.*

Furthermore, the damages sought are not known yet – and Plaintiff requests the opportunity to thresh this issue out in order to present it to the Court. Plaintiff believes she can ascertain the number of class members by conducting some simple post-judgment discovery of Defendant's outbound dial list.

The attached declaration of Plaintiff's Information Technology expert witness and consultant confirms that determining the dollar amount of damages

MEMO OF Ps & As IN SUPPORT OF MX FOR DEFAULT JUDGMENT          Case No. 13cv03145-L-NLS

can be done relatively easily by obtaining Defendant's outbound dial list of all calls made by it during the Class Period. [Declaration of Jeff Hanson "Decl. Hanson ¶ 3.]  That list will then be compared to a commercially available list of known cell block identifiers to determine how many of the total number of calls were made to cell phones. [Decl. Hanson ¶3, 4.] The number of unique cell phone numbers identified will determine the number of Class Members. The number of calls to each cell phone number on the list will determine the amount of damages to each Class Member. [Decl. Hanson ¶ 5.]

This approach to ascertaining damages may arrive at a number that is 100% commensurate with the harm caused by Defendant and is reasonable because it only seeks the lower amount of the statutory damages permitted under the statute. In light of Defendant's flagrant violations of the TCPA, providing Plaintiff and her Class Members with the minimum statutory damage amount is just.

### 4.   *There is No Dispute of Material Facts*

As to the fifth *Eitel* factor, courts hold there are no outstanding issues of material fact when a defendant fails to appear for its lawsuit.  Particularly when the complaint is pled sufficiently, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Pepsico*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560. That is the case here.  Plaintiff has filed a complaint that properly alleges violations of the TCPA and appropriate class allegations.  *Defendant has failed to appear*.  There can be no issue of material fact when Defendant has not appeared in the action and simply has not contested the complaint's allegations.

### 5.   *Defendant's Failure is Not Due to Excusable Neglect*

There is no excusable neglect under the sixth *Eitel* factor. Defendant was properly served the complaint and summons exactly as required under Rule 4.  [DE 1, 3.]  In fact, Plaintiff's counsel went beyond what is required under the Rules,

giving Defendant extra notice and time to respond.  Despite this, Defendant has failed to appear in this action at all since it was served with the summons and complaint on February 19, 2014.   There is no excusable neglect here.

### 6. *Public Policy Considerations Favoring a Decision on its Merits*

The seventh *Eitel* factor of public policy is also satisfied. Although "[c]ases should be decided upon their merits whenever reasonably possible," this is not a requirement. *Eitel*, 782 F.2d at 1472.  The existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive."  *Pepsico*, 238 F. Supp. at 1177 (citation omitted).

Defendant's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible."  *Id.   Plaintiff has no reasonable choice here but to pursue her default judgment as her only recourse*. This element also suggests a default judgment here is proper.

## IV.   CONCLUSION

Plaintiff's hands are tied.  Her only available remedy is a default judgment on behalf of herself and all of the putative Class Members.  Plaintiff requests that this Court approve her motion for default judgment for damages at the rate of $500 per call, with the understanding that this judgment will be supplemented with the amount of damages at a later date once the number of calls has been ascertained.

Respectfully submitted,

Date: June 18, 2014             By:  */s/ Douglas J. Campion*
Douglas J. Campion
**LAW OFFICES OF DOUGLAS J. CAMPION, APC**

Date: June 18, 2014

By:  */s/ Kira M. Rubel*
Kira M. Rubel
**LAW OFFICES OF KIRA M. RUBEL**
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, reside in the County of San Diego, State of California, and not a party to the above-entitled cause.

On June 18, 2014, I served a true copy of *Plaintiff's Notice of Motion, Motion, and Memorandum of Points and Authorities in Support of Request for Default Judgment* on all interested parties in this action by taking the following action:

____ BY MAIL:  I deposited such envelope in the United States Mail in _____, California.  The envelope was mailed with postage prepaid in the ordinary course of business.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.

____ BY PERSONAL SERVICE:  I caused such envelope to be delivered by a process server employed by _____.

____ VIA FACSIMILE:  I faxed this document to the office(s) of the addressee(s) shown above, and the transmission reported as complete and without error.

____ BY ELECTRONIC MAIL:  I transmitted a PDF version of this document by electronic mail to the party(s) identified above.

____ BY OVERNIGHT DELIVERY:  I deposited such envelope for collection and delivery with _____, with fees paid or provided for in the ordinary

course of this firm's business practices.  I am readily familiar with the firm's practice of collection and processing of overnight mail with _____.

_**X**_   BY ECF:  I filed the attached by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Executed on June 18, 2014, in San Diego, California

[x] I hereby certify that I am a member of the Bar of the United States District Court, Southern District of California.
[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
[x] I hereby certify under the penalty of perjury that the foregoing is true and correct.

By _/s/  Kira M. Rubel_____
   Kira M. Rubel