UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEE WHITAKER, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>BENNETT LAW, PLLC,<br><br>   Defendant. | Case No. 13-cv-3145-L(NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [DOC. 11]** |

This putative class action is brought by Plaintiff Ashlee Whitaker against Defendant Bennett Law, PLLC, asserting violations of the Telephone Consumer Protection Act, U.S.C. § 227. Plaintiff now moves for class certification under Federal Rule of Civil Procedure 23, as well as for default judgment. Defendant has failed to respond in this matter and default has been issued by the clerk. Clerk's Entry of Default, ECF No. 5.

The Court now decides the matter of class certification on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS** Plaintiff's motion for class certification.

## I. BACKGROUND

According to the Complaint, beginning no later than September of 2012 and continuing through approximately February of 2013, Ashlee Whitaker ("Whitaker") began receiving automated debt collection calls on her cellular telephone from Bennett Law, PLLC ("Bennett Law"). Compl. ¶¶ 10-11, 13, ECF No. 1. During this time, Bennett Law conducted business in the State of California and in the County of San Diego, primarily as a debt collection company on behalf of third parties. *Id*. ¶ 12; Mot. Class Cert. 4, ECF No. 11-1. Bennett Law's automated debt collection calls to Whitaker were not intended for her, but she received multiples of such calls nonetheless. Compl. ¶ 13. Whitaker did not provide Bennett Law, or any other entity, with her cellular telephone number, and did not provide prior express consent to call her cellular telephone number via an autodialer and/or prerecorded message. *Id*. ¶ 15. In an attempt to avoid these calls, in or about June 2013, Whitaker changed her cellular telephone number. *Id.* ¶ 14.

Under the terms of the Telephone Consumer Protection Act ("TCPA"), Bennett Law utilized an "automatic telephone dialing system," ("ATDS") which uses an "artificial or prerecorded voice" to call and leave messages to telephone numbers stored within the ATDS. Compl. ¶ 17. The telephone number contacted by Bennett Law's ATDS was assigned to a cellular telephone service for which Whitaker was charged for incoming calls. *Id*. ¶ 19. Whitaker believes that Bennett Law may have obtained her cellular telephone number from a third party, or via caller identification technology, but did not receive that number from her. *Id*. ¶ 16.

On December 23, 2013, Whitaker filed her complaint against Bennett Law, requesting class certification and damages pursuant to Bennett Law's alleged class-wide violations of the TCPA. *See generally* Compl. Bennett Law failed to respond by the March 12, 2014 deadline; and on April 25, 2014, more than a month after the deadline, Whitaker sent a letter to Bennett Law, offering an extension to respond without the risk of default until May 12, 2014. Campion Decl. ¶ 2, ECF No. 9-2. Bennett Law still did not respond, and default was entered on May 16, 2014. Id. ¶ 3.

On June 18, 2014, Whitaker filed a motion for default judgment. Mot. Def. J., ECF No.

9-1. On July 3, 2014, Whitaker filed a motion for class certification. Mot. Class. Cert. ECF No. 11. Both motions were set for hearing on August 18, 2014. Order re: Hearing Date, ECF No. 12.

## II.   LEGAL STANDARD

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). In order to justify a departure from that rule, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* (citing *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). In this regard, Rule 23 contains two sets of class certification requirements set forth in Rule 23(a) and (b). *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010). "A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Rule 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met." *Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 443 (N.D. Cal. 2008). "The burden is on the plaintiff to establish that the . . . requirements have been met." *Id.*

Rule 23(a) provides four prerequisites which all must be satisfied for class certification:

> (1) the class must be so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*Otsuka*, 251 F.R.D. at 443 (citing Fed. R. Civ. P. 23(a)). The plaintiff must also show that one of the following requirements under Rule 23(b) for maintaining the suit have been satisfied:

> (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication.

*Id.* (citing Fed. R. Civ. P. 23(b)).

A trial court has broad discretion in making the decision to grant or deny a motion for

class certification. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). "In determining the propriety of a class action, the question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Otsuka*, 251 F.R.D. at 444 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)). This analysis requires a district court to conduct a "rigorous analysis" that frequently "will entail overlap with the merits of the plaintiff's underlying claim." *Dukes*, 131 S. Ct. at 2550-51. "Although in determining whether to certify the class, the district court is bound to take the substantive allegations of the complaint as true, the court also is required to consider the nature and range of proof necessary to establish those allegations." *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982) (citations omitted).

"Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (Brewster, J.). "An identifiable class exists if its members can be ascertained by reference to objective criteria. A class description is insufficient, however, if membership is contingent on the prospective member's state of mind." *Id.* (internal quotation marks omitted). "In other words, it must be administratively feasible to determine whether a particular person is a class member." *Id.*

### III. DISCUSSION

As a threshold matter, entry of default does not alter the Court's analysis for class certification. Certification under Rule 23 remains a necessary procedural requirement in order for the class to recover damages. The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir.2003) (citing *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir.1974)). As such, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Romney*, 490 F.2d at 1366. In cases in

which the district courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages. *See Partington v. Am Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir.2006) (holding that class members could not use a default judgment to establish the class was judgment creditors when the district court never formally certified the class); *Hutchins*, 321 F.3d at 648–49 (holding that the district court improperly awarded class damages when no class had been certified). In the present case, Bennett Law has defaulted, but the Court has not yet entered default judgment against it. Therefore, the Court may consider the pending motion for class certification.

**A. Overview**

The dual purpose of Rule 23 is: (1) to promote judicial economy through the resolution of multiple claims in a single action; and (2) to provide persons with smaller claims, who would otherwise be economically precluded from doing so, the opportunity to assert their rights. *O'Connor v. Boeing North American, Inc.*, 180 F.R.D. 359, 366 (C.D. Cal. 1997) (citations omitted). These interests are in close alignment with actions brought under the TCPA. Consistent with the facts in the present case, TCPA violations may easily result in many potential claimants, while the amount recoverable by each individual plaintiff may be relatively small. Accordingly, there are many examples of recent cases which have certified class actions brought under the TCPA. *See Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577, 584 n. 5 (Mo. Ct. App. 2010) (as of 2010, over fifty courts had certified TCPA class actions as appropriate under Rule 23); *see also Myer v. Portfolio Recovery Associates*, *LLC*, 707 F.3d 1036 (9th Cir. 2012) (a recent Ninth Circuit case affirming a decision to certify a class under the TCPA, similar to the present putative class).

Whitaker's class definition is as follows:

> All persons within the United States who received any telephone call from Defendant or their agents to said person's cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed, within the four years prior to the filing of the Complaint in this act.

Mot. Class Cert. 6. Under the following Rule 23 analysis, Whitaker's proposed class definition

is found to be adequately defined and sufficiently ascertainable because it provides the objective criteria needed to determine the members of the class. *See Schwartz*, 183 F.R.D. 672 at 679-80. Despite Bennett Law's failure to respond in this matter and the resulting lack of discoverable information, Whitaker has shown a reasonable basis to believe that a class actually exists, and that the class could be specifically determined via discoverable access to Bennett Law's technologies and data. Hansen Decl. ¶¶ 3-4, ECF No. 9-4. Therefore, the Court, in applying the broad discretion afforded to it in class certification actions, finds that the class should be certified under Rule 23. *See Bateman*, 623 F.3d at 712.

### B. The Putative Class Satisfies All Four Requirements of Rule 23(a)

#### 1. 23(a)(1) Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). The term "impracticable" is not synonymous with impossible. However, the class must be adequately defined and clearly ascertainable before a class action may proceed. *See Schwartz*, 183 F.R.D. 672, 679-80. But the class need not be "so ascertainable that every potential member be identified at the commencement of the action." *O'Connor*, 180 F.R.D. at 367 (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1760 at 117). As long as the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist. *Id*.

Whitaker's putative class satisfies Rule 23(a)(1) requirements because there is a clearly defined outline for class membership, the members of the class are determinable, and there is sufficient evidence to show that the class is of a size that joinder of all members would be impracticable. *See* Fed. R. Civ. P. 23(a)(1); *See also O'Connor*, 180 F.R.D. at 367. Numerous online forums exist where a vast amount of complaints have been lodged against Bennett Law regarding unethical debt collection endeavors, ranging from allegations of harassment to violations of the TCPA. *See* Mot. Class Cert. 4; *see also* Rubel Decl. ¶ 9, ECF No. 11-4. Whitaker reasonably believes that there are thousands of people complaining about Bennett Law's unsolicited automated calls to their cellular telephones. *See* Whitaker Decl. ¶ 11, ECF

No. 11-5. While this number is partially based on speculation, it is a well held principle in the law of class actions that a specific number of class members is not necessary to satisfy the Rule 23 numerosity requirement. *See In re Cooper Companies Inc. Securities* Litigation, 254 F.R.D. 628, 634 (C.D. Cal. 2009); see *also* Newberg on Class Actions, *No Strict Numerosity Threshold* § 3:12 (5th ed. 2011) ("As a general guideline, however, . . . a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone."). Whitaker has given Bennett Law several opportunities to respond to this matter. *See* Campion Decl. ¶¶ 2-3, ECF No. 9-2. Regardless of Bennett Law's failure to respond and the resulting limitation in Whitaker's evidentiary options, Whitaker was still able to establish a reasonable basis to believe that numerous class members exist. Therefore, the above evidence is considered by the Court sufficient to establish numerosity for purposes of Rule 23 class certification.

**2. 23(a)(2) Commonality**

Under Rule 23(a)(2), Plaintiffs must demonstrate that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The Supreme Court has held that plaintiffs must demonstrate "the capacity of a classwide proceeding to generate common answers" to common questions of law or fact that are "apt to drive the resolution of the litigation." *Dukes*, 131 S.Ct. at 2551 (internal quotations marks omitted). However, "[a]ll questions of fact and law need not be common to satisfy this rule." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "The common contention . . . must be of such a nature that . . . its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.*

The TCPA provides a cause of action for cellular telephone owners who receive unsolicited, automated phone calls, resulting in unwanted charges to their accounts. *See* Restrictions on Use of Tel. Equip., 47 U.S.C. § 227(b)(1). The relevant inquiries for the purposes of this case are: (1) whether or not Bennett Law used an ATDS or prerecorded or artificial voice message; (2) whether or not Bennett Law had prior express consent; (3) whether

or not the calls were made for emergency purposes; and (4) whether or not Bennett Law's conduct was willful or negligent. *See id*. The core issue to be resolved is whether or not Bennett Law used an ATDS or prerecorded or artificial voice message to make unsolicited calls. This issue is common to all putative class members, and its resolution is central to the validity of each of their claims. The individualized issues of consent, emergency purposes, and intent as to each specific class member, are not sufficient to destroy commonality. *See* Myer, 707 F.3d at 1042 (the Ninth Circuit, in a similar TCPA class action, pointed to defendant's failure to prove the existence of any consenting debtors when refusing defendant's argument that the class was overbroad because it may include debtors who provided express consent). Generally, and especially so in consideration of Bennett Law's failure to respond in this matter, the information required to prove the subsequent individualized issues of consent, emergency purposes, and intent, are exclusively in the hands of the defendant. It follows that Bennett Law must prove the existence of these abrogating factors, and the lack of Whitaker's knowledge thereof should not be used to refuse class certification. *See id.* This Court therefore concludes that Whitaker satisfies the Rule 23(a)(2) commonality requirement.

### 3. 23(a)(3) Typicality

Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon,* 150 F.3d at 1020. This Court sees no issues under Rule 23(a)(3) analysis, as each putative class member's claim revolves exclusively around Bennett Law's conduct as it specifically relates to the alleged violations of the TCPA. Therefore, Whitaker satisfies the Rule 23(a)(3) typicality requirement.

### 4. 23(a)(4) Adequacy

"Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named

plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 120 (citation omitted).  Here, Whitaker's interests are clear, and are in alignment with the putative class as a whole.  Whitaker desires to avoid unsolicited, automated debt-collection calls to her cellular phone from Bennett Law, and seeks compensation for alleged violations of the TCPA.  Additionally, Whitaker's counsel have provided adequate support in showing that they are not only competent and experienced in dealing with class actions, but that they have also been counsel for various successful TCPA actions in the past.  *See generally* Campion Decl., ECF No. 11-3; *See also* Rubel Decl. ¶¶ 4-6.  Accordingly, Whitaker satisfies the Rule 23(a)(4) adequacy requirement.

**C. The Putative Class Satisfies Both Requirements of Rule 23(b)(3)**

**1. 23(b)(3) Predominance**

"The predominance inquiry focuses on the relationship between the common and individual issues and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (internal quotation marks omitted).

> Rule 23(b)(3)'s predominance and superiority requirements were added to cover cases in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.  Accordingly, a central concern of the Rule 23(b)(3) predominance test is whether adjudication of common issues will help achieve judicial economy.

*Id*. (internal quotation marks and citations omitted).

The claims brought by Whitaker's putative class are unified under one narrow statute with explicit confines defining both liability and available damages.  The central issue of Bennet Law's liability is whether or not they placed unsolicited, automated calls to the putative class member's cellular telephones, which predominates over the subsequent issues of intent and the existence or nonexistence of prior express consent with each individual call.  *See* U.S.C. § 227(b)(1).  "Federal courts have recognized that individual issues will likely be present during class actions, but that such issues should not prevent class certification so long as they do not

override the common question." *Smith*, 2008 WL 4156364, at *10; *see also Chun-Hoon v. McKee Foods Corp.*, No. C 05-0620, 2006 WL 3093764, at *5 (N.D. Cal. Oct. 31, 2006) (stating "even though individual issues exist, they do not bar class certification"). The common question of Bennet Law's general liability dominates over individual questions which may exclude certain class members. Therefore, Whitaker meets the Rule 23(b)(3)(A) predominance requirement.

### 2. 23(b)(3) Superiority

"Plaintiffs must also demonstrate that a class action is 'superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Otsuka*, 251 F.R.D. at 448 (citing Fed. R. Civ. P. 23(b)(3)). "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation," and it is superior "if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). This inquiry "requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. Relevant to the present analysis are the following Rule 23(b)(3) factors: "(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(C)&(D).

A class action is the most efficient vehicle to achieve an opportunity for classwide recovery while minimizing the economic burden on Whitaker's putative class and promoting judicial economy. Whitaker's TCPA claims present no unique difficulties that would make a class action any less desirable than other forms of adjudication. Many courts have managed similar TCPA class actions, and the nature of a TCPA violation lends itself to classwide adjudication. Additionally, in light of the facts that the TCPA does not provide for fee shifting and the statutory damages are limited to $500 or $1,500 per call, requiring the putative class members to adjudicate their claims independently would be too economically burdensome and would deprive many of a chance to recover under the law. *See generally* U.S.C. § 227. Accordingly, Whitaker has satisfied the Rule 23(b)(3) superiority requirement.

## IV.      CONCLUSION & ORDER

In light of the foregoing, the court **GRANTS** Whitaker's Motion for Class Certification.

**IT IS SO ORDERED**

DATED: October 27, 2014

M. James Lorenz
United States District Court Judge