**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION (STATE BAR NO. 75381)
17150 Via Del Campo, Suite 100
San Diego, California 92127
DOUG@DJCAMPION.COM
Telephone: (619) 299-2091
Facsimile:  (619) 858-0034

**LAW OFFICES OF KIRA M. RUBEL**
KIRA M. RUBEL (STATE BAR NO. 253970)
555 West Beech Street, Suite 230
San Diego, CA 92101
KRUBEL@KMRLAWFIRM.COM
Telephone: (619)-202-7646

*Attorneys for Plaintiff Ashlee Whitaker*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEE WHITAKER, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>BENNETT LAW, PLLC, a Professional Limited Liability Company, dba BENNETT LAW,<br><br>     Defendant. | CASE NO.  13-cv-03145-L-NLS<br><br>**MOTION TO COMPEL ANSWERS TO PLAINTIFF'S SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION**<br><br>Mag. Judge:   Hon. Nita L. Stormes<br>Motion Date:  May 19, 2015<br><u>No Oral Argument Unless Requested by the Court</u> |

## I. Introduction and Statement of Facts

This Class Action lawsuit arises out of claims that Defendant Bennett Law, PLLC ("Defendant" or "Bennett Law") violated Plaintiff Ashlee Whitaker's ("Plaintiff") rights under the Telephone Consumer Protection Act, 14 U.S.C. § 227, *et seq*, and those of her fellow class members. Plaintiff filed her suit in May of 2014. [Dkt. No. 1.] Since that time, Defendant has not responded to a solitary filing in Plaintiff's lawsuit. As a result, Plaintiff successfully moved for class certification and, subsequently, requested default. [Dkt. No. 9.]

This Court granted Plaintiff's request for default judgment, but because no discovery has taken place due to the non- appearance of Defendant, held "in abeyance the motion with respect to damages". [Dkt. No. 14 at 1.] The Order stated: "This judgment will be supplemented with the actual amount of damages at a later date, once the number of calls has been ascertained." [*Id*. at 8.] In that Order, the Court permitted Plaintiff six months to conduct discovery, including third party discovery, "to determine the appropriate amount of damages to be awarded against Bennett Law". [*Id.* at 8.]

Immediately following this Order, Plaintiff sent discovery requests to Defendant requesting this information. [See Declaration of Kira M. Rubel, "Decl. Rubel" ¶ 2.] However, as seems to be Defendant's *modus operandi*, it continues

to completely ignore this lawsuit, including its discovery obligations under the Federal Rules.  [Decl. Rubel ¶ 4.]

Plaintiff's Motion is simple. She is entitled to responses to her discovery requests.  On February 10, 2015, Ms. Whitaker sent three copies of her special interrogatories and requests for production by U.S. Mail.  [Decl. Rubel ¶ 3, Exhibits A, B, "Exh."]  She tracked these packages to their destination, and has proof that they were delivered to Defendant at all three addresses. [Decl. Rubel ¶ 3., Exh. C.]   Defendant's responses were due March 17, 2015.  [Decl. Rubel ¶ 4.] This deadline came and went without any responses served. [Decl. Rubel ¶ 4.]

Plaintiff's counsel is mindful of Lead Plaintiff's obligations to obtain the number of calls made by Defendant, even in spite of Defendant's lack of cooperation. Thus, Plaintiff has also sent subpoenas to five of the major autodialing companies that ordinarily support the calling efforts of debt collection companies such as Bennett Law.  Plaintiff's counsel anticipates that Defendant used one or more of these companies to engage in its illegal dialing campaign and that one of these subpoenas will bear fruit by providing the class list.  [Decl. Rubel ¶ 6.]

Regardless of her "back-up plan", Plaintiff is also entitled to responses to her discovery requests.  In accordance with the Court's meet and confer requirements, Plaintiff's counsel sent a meet and confer letter on April 1, 2015 to Defendant's

three addresses, again using tracking technology. [Decl. Rubel ¶ 5., Exh. E.]  This deadline to respond has long since passed, and Plaintiff is left with no choice but to bring this Motion to Compel.  Plaintiff also seeks sanctions for the time her counsel have spent pursuing responses to her discovery requests. [Decl. Rubel ¶ 7.]

**II.    The Rules Support Granting Plaintiff's Motion to Compel.**

Federal Rule of Civil Procedure 37(a)(2)(B) states that a party who has failed to respond to special interrogatories and requests for production under Rules 33 and 34, respectively, may be compelled to produce the answers and documents upon motion to the Court.   Defendant has failed utterly to abide by its discovery obligations, a fault made worse by the fact that Defendant is a law firm.  Defendant is aware of its obligations under the discovery rules and therefore must be compelled to produce responses.

Plaintiff is aware of this Court's requirement that each request and contested response be set forth.  However, given the fact that there were no responses at all, Plaintiff is instead attaching the full draft of her Special Interrogatories, Set One, and Requests for Production of Documents, Set One, to her Motion.   [Decl. Rubel ¶ 2, Exh. A, B, C.]

The situation before this Court – a tacit failure to respond – is the most egregious kind of discovery abuse. It is so egregious, that the Court is permitted to take devastating measures in response by striking any claims or defenses the non-

answering party asserted. <u>Webster v. Dep't of Veterans Affairs</u>, 2014 WL 23785, * 1 (9th Cir. Jan. 2, 2014).

However, this is a unique situation in that Defendant has already defaulted of its own accord, and has no answer on file to strike. Thus, the only request Plaintiff may make here is that the Court compel Defendant to respond and order it to pay sanctions, as discussed below.

Defendant's refusal to participate – and it may only be called "refusal" since the documents Plaintiff sent reached Defendant's published address – can only be deemed willful. Plaintiff's counsel went out of her way to send multiple sets of discovery to all of Defendant's known addresses. She even sent one set directly to the address of Defendant's owner, Michael Bennett. Mr. Bennett is an attorney, and his address was found on the Utah State Bar website, which is updated every January.

Rule 8.4, subpart (d), of the State of Utah's Rules of Professional Conduct states that an attorney engages in misconduct if that attorney's conduct "is prejudicial to the administration of justice". An Order from this Court that Defendant has not produced the discovery responses could qualify as "misconduct" under the Utah State Bar's ethical rules. Plaintiff is hopeful that this pressure, perhaps through the Utah bar regulatory agency, may induce Defendant to cooperate in discovery here.

### III. Sanctions Must be Granted Where Discovery Requests Are Totally Ignored.

Reimbursement of the moving party's attorneys' fees and costs is also permitted under Rule 37, subparts (a)(4)(A) and (d)(1)(A)(ii).  In fact, when a party completely fails to respond to discovery requests under Rule 33 and 34, subpart (a)(4)(A) states:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—***the court must***, after giving an opportunity to be heard, ***require the party or deponent whose conduct necessitated the motion***, the party or attorney advising that conduct, or both ***to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees***.
> Fed. R. Civ. Proc 37(a)(4)(A) (emphasis added.)

Relevant Ninth Circuit case law confirms this Rule.  <u>Henry v. Gill Industries, Inc.</u>, 983 F.2d 943, 945(9th Cir. 1993).   Therefore, Plaintiff's counsel requests $4,950.00 to make them whole for their time, as described in the attached declaration.  [Decl. Rubel ¶ 7.]

### IV. Conclusion

This Motion and the underlying facts are crystal clear.  Defendant hopes that ignoring this lawsuit will make it go away, so that it can continue its unlawful debt collection practice.  This cannot and should not be permitted.  For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion to Compel and request for sanctions in the amount of $4,950.00.

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that she has complied with Local Rule 26.1(a) and chamber rules to the extent possible, given the total lack of involvement, and default of, Defendant.

**LAW OFFICES OF KIRA M. RUBEL**

_/s/  Kira M. Rubel_____
KIRA M. RUBEL
*krubel@kmrlawfirm.com*
555 West Beech Street, Suite 23
San Diego, California 92101
Telephone: (800) 836-6531

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**

*/s/ Douglas J. Campion*
DOUGLAS J. CAMPION
*doug@djcamion.com*
17150 Via Del Campo, Suite 100
San Diego, California 92127
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

***ATTORNEYS FOR PLAINTIFF AND THE CLASS***