UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashlee Whitaker on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Bennett Law, PLLC a Professional Limited Liability Company doing business as Bennett Law, <br><br> Defendant. | Case No.: 13cv3145 L (NLS) <br><br> **ORDER:** <br><br> **(1) DENYING MOTION TO COMPEL WITHOUT PREJUDICE [Dkt. No. 15];** <br><br> **(2) REQUIRING FURTHER INFORMATION IN SUPPORT OF MOTION TO COMPEL; and** <br><br> **(3) SETTING A HEARING DATE FOR A RENEWED MOTION TO COMPEL.** |

On December 23, 2013, Plaintiff Ashley Whitaker filed this purported class action against the Bennett Law Firm for alleged violations of the Telephone Consumers Protection Act (TCPA). The Clerk entered default against Bennett Law on May 16, 2014. On June 18, 2014, Whitaker moved for default judgment. On January 16, 2015, the court granted the motion with respect to liability and granted the request for a damages determination of $500 per call. But the court held in abeyance the motion with respect to the actual amount of damages, to be determined after ascertaining the number of calls actually made. The court granted Whitaker six months to conduct discovery as to the amount of damages, and ordered that a motion seeking entry of judgment awarding damages against Bennett Law be filed by July 26, 2015.

1  Through her counsel, Kira Rubel, Whitaker served discovery on Bennett Law on
2  February 10, 2015 to ascertain the number of phone calls made.  She served Bennett Law
3  via U.S. Mail at three different mailing addresses.  Ms. Rubel received confirmation that
4  the discovery was delivered to all three mailing addresses.  *See* Rubel Decl. Ex. C.

5  The court has reviewed the motion and finds that information is missing with
6  respect to two issues.  First, the proof of service shows that "Plaintiff Ashlee Whitaker's
7  Motion to Compel Special Interrogatories, Set One, and Requests for Production, Set
8  One," was only served electronically "upon a CM/ECF User who has consented to
9  electronic service[.]"  [Dkt. No. 16.]  There was no other means of service.

10 Service of the motion solely via CM/ECF is inadequate because Bennett Law has
11 never appeared in this action.  A "Notice of Electronic Filing" (NEF) that can constitute
12 proof of service on a party registered to use CM/ECF can only be effective on the
13 "registered user(s) in the case."  ECF Policies and Procedures, p.9, *available at*
14 https://www.casd.uscourts.gov/.  The only registered user in this case, though, is
15 Whitaker's counsel.  There is no registered user for Bennett Law, thus making service via
16 CM/ECF ineffective.  See *La Jolla Bank, FSB v. Tarkanian*, 2013 U.S. Dist. LEXIS
17 97846 (E.D. Cal. 2013) (denying a motion for failure to properly serve because even
18 though motion was served via the CM/ECF system there was no attorney appearing for
19 the defendant so no one would have received electronic notification of the motion).
20

1  The Policies and Procedures are explicit and require that a "filing party must serve
2  the non-registered party with the document according to the Federal Rules of Civil
3  Procedure." ECF Policies and Procedures, p.10 . Here, Federal Rule of Civil Procedure
4  37—through which Whitaker seeks an award of sanctions—requires a court to award
5  sanctions only "after giving [the non-moving party] an opportunity to be heard."[1] The
6  failure to serve the motion to compel prevents Bennett Law of an opportunity to be heard.

7  Second, Whitaker's counsel requests fees for filing this motion. Ms. Rubel states,
8  "My hourly fee is $450 per hour which is the rate I normally bill for complex matters
9  such as this case and which has been approved as reasonable in other cases." Rubel Decl.
10 ¶ 7. Before deciding if $450 is a reasonable hourly rate the court requires specific
11 information to justify that rate. In a renewed motion to compel, Ms. Rubel must include
12 in her declaration:

13  1.  A description of her experience in class actions and the TCPA, including
14 number of years working in the area and number of TCPA cases handled;

15  2.  Identification of the other cases that approved the $450 rate as reasonable
16 along with a description of the type of work performed for those cases;

17  3.  Information as to what is a reasonable rate for other attorneys who work in
18 TCPA actions; and

---

[1] Whitaker requests relief under "Rule 37(a)(2)(B)." Mtn. to Compel, p.4. There is no "Rule 37(a)(2)(B). Counsel must identify the correct authority in her renewed motion to compel.

4.  An explanation of how this case is complex even though it is not being prosecuted on the merits.

Based on the foregoing, the court:

1. **DENIES without prejudice** Plaintiff's motion to compel;

2. **SETS** a new hearing date of **June 3, 2015** (with no oral argument scheduled), meaning that Whitaker must file the motion by **May 6, 2015**; and

3. **ORDERS** that the renewed motion to compel include the filing of a proper proof of service as well as an amended declaration of Ms. Rubel.

**IT IS SO ORDERED.**

Dated:  April 28, 2015

Hon. Nita L. Stormes
United States Magistrate Judge