UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEE WHITAKER, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BENNETT LAW, PLLC,<br><br>　　　　　　　Defendant.<br>_____ | Case No. 13-cv-3145-L(NLS)<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE APPLICATION TO DESIGNATE AN AMOUNT OF DAMAGES IN THE JUDGMENT; AND ORDER TO SHOW CAUSE** |

　　　In this putative class action, Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Although Defendant was served with the summons and the complaint, it has not appeared to date. On October 27, 2014, the action was certified as a class action, and on January 26, 2015, Plaintiff's motion for default judgment was granted in part. The Court found Defendant liable, but reserved on the issue of damages. Plaintiff was granted an opportunity to conduct discovery and submit evidence supporting the amount of damages. Pending before the Court is Plaintiff's Ex Parte Application to Designate an Amount of Damages in the Judgment ("Ex Parte Application"). Review of the evidence filed

/ / / / /

in support of the Ex Parte Application shows, however, that the class action may have been improvidently certified because the class is not ascertainable.

In her motion to certify class action, Plaintiff represented that the class was ascertainable because the class members could be identified through discovery of Defendant's technologies and data.  (Doc. no. 11, Mem. of P.&A. in Supp. of Mot. for Class Certification, filed Jul. 3, 2014, at 15-16& doc. no. 9-4, Decl. of Jeffrey Hansen of Hansen Legal Technol., Inc. in Supp. of Mot. for Default J., filed Jun. 18, 2014, at 3.)  The Court relied on this representation in granting Plaintiff's class certification motion.  (Doc. no. 11, Order Granting Pl.'s Mot. for Class Certification, filed Oct. 27, 2014, at 6.)

In support of the pending Ex Parte Application, Plaintiff filed a declaration of Defendant's principal Michael B. Bennett, who explained that after Defendant was liquidated, all of its hardware and software were sold or otherwise disposed of, including Defendant's automatic telephone dialing system, and that all related data was erased. (Doc. no. 22-3, Decl. of Michael B. Bennett in Supp. of Pl.'s Ex Parte App. to Designate an Amount of Damages in the J., filed Nov. 30, 2015, at 2-3.)  Mr. Bennett could not verify the number of calls made, or whether they were made to mobile or stationary telephone numbers, and he could not identify the class members.  (*Id*.)  It therefore appears that the class members are not ascertainable.

"As an essential prerequisite to class certification, plaintiff must show by a preponderance of the evidence that the class is ascertainable." *Hayes Wal-Mart Stores, Inc.*, 725 F.3d 349, 354 (3rd Cir. 2013) (internal quotation marks and citation omitted).  "[A]scertainability is important because it eliminates serious administrative burdens by insisting on the easy identification of class members; allows for the best notice practicable, and thereby protects absent class members; and protects defendants by clearly identifying the individuals to be bound by the final judgment. *Id*. at 355 (internal quotation marks and citation omitted). The critical issue is "whether the defendant['s] records can ascertain class members and, if not, whether there is a reliable, administratively feasible alternative." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, (3rd Cir. 2012).

The plaintiff bears the burden of showing that all class certification requirements are met throughout the pendency of the case. *See Marlo v. UPS, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). Once a class action is certified, the class certification order "may be altered or amended before final judgment." Fed. R. Civ. Proc. 23(c)(1)(c). The standard to decertify a class action is the same as to certify it, and the burden of showing that the certification requirements of Rule 23 continue to be met remains with Plaintiffs. *See Marlo*, 639 F.3d at 947.

As it appears that Plaintiff cannot meet her burden of showing that the class is ascertainable, her Ex Parte Application is **DENIED WITHOUT PREJUDICE**. Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be decertified. Plaintiff shall comply with this order by filing a response no later than **June 10, 2016**. In the absence of a timely response, the Court will issue an order decertifying this action.

**IT IS SO ORDERED.**

DATED: May 27, 2016

_____
M. James Lorenz
United States District Court Judge